No. 12-1309 – *State of West Virginia v. James Scott Yocum*

**FILED**

**May 12, 2014**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, Justice, dissenting:

The majority is mistaken when it concludes that the horrific bodily injuries threatened by the petitioner to the loved ones of Sergeant A.H. are not terroristic acts under W. Va. Code 61-6-24. A threat on the official who executes the laws in his status as an official is a threat to a level of the executive branch of government. I therefore dissent.

It was not error to prosecute the petitioner under W. Va. 61-6-24. It is a purpose of the statute to criminalize retaliation by the making of a threat of serious bodily injury designed to intimidate or coerce. Sergeant A. was acting in an official manner exercising the police power of the government at all times during the petitioner's interaction with him. Indeed, Sergeant A. was performing the official duties delegated to him when he arrested petitioner for domestic violence. It was to this officer, acting in his official capacity, that petitioner made despicable threats meant to intimidate or coerce him. The majority finds that an individual police officer does not constitute a level of government under the statute. I disagree. This was not a citizen's arrest, nor was Sergeant A. at any time acting in anything other than an official capacity. Indeed, it is undisputed that the arrest of the petitioner by Sergeant A. was a valid exercise of the police power of the state

1

through its executive function. To whom or what would the majority believe a valid terroristic threat in such a setting should instead be made? The governor? The police department? The executive branch can only function by and through its employees acting in their official capacities. It is simply absurd therefore to contend that Sergeant A. was anything but a personification of the executive level of government at all times during his interaction with petitioner.

That petitioner's threats were to specific family members of Sergeant A. rather than to the general public is likewise of little consequence. What more impact could petitioner have made in attempting to intimidate or coerce Sergeant A. than making threats deeply personal to Sergeant A? In personalizing the violence which he intended to visit upon Sergeant A.'s loved ones, petitioner clearly sought to maximize the terror felt by Sergeant A. and thereby maximize his intimidation of him in the execution of his official duties.

Finally, while I recognize that reasonable persons can disagree on the construction of W. Va. Code § 61-6-24, I find that the majority opinion's hostility toward Sergeant A. for reporting the petitioner's threat is nothing short of bizarre. The facts show that Sergeant A. did his duty. He arrested the petitioner for domestic violence and reported the petitioner's threat to the prosecutor. Nevertheless, the majority refers to Sergeant A. as "overly-zealous" and intimates that a seasoned officer like Sergeant A. should not be so thin skinned in giving credence to "empty" threats. Why should

Sergeant A. consider the threat empty when he was arresting the petitioner for domestic violence? Obviously, Sergeant A. had good reason to believe that the petitioner is a violent person. Also, considering Sergeant A.'s knowledge that the petitioner is a violent person, why should Sergeant A. presume that his family was in no danger? The majority implies that putting up with violent threats against his or her family members is part of a police officer's daily routine, and police officers simply should shrug off such threats and go about their business. Perhaps such threats against other public actors doing their official duties should likewise be considered to be empty threats; actors such as teachers, firefighters, legislators and, perhaps, even judges.

So, at the end of the day, where are we with petitioner's threat to viciously attack Sergeant A.'s loved ones simply because Sergeant A. did the job we ask of him? The petitioner is left to laugh. He pulled off a good one and got away with it. Sergeant A. is left to worry and perhaps hug his family a bit tighter. And us? We're left by the majority to believe that this is what the legislature intended. Petitioner's threats should have consequences and I believe the legislature thought so too. I therefore dissent.